Zerick MARVIS, Appellant,

v.

The STATE of Texas.

No. 1994–99.

Court of Criminal Appeals of Texas.

Jan. 31, 2001.

DeEdward J. Greer, Houston, for appellant.

Keli Pool Roper, Assistant DA, Houston and Matthew Paul, State's Attorney, Austin for the State.

### OPINION

JOHNSON, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, HOLLAND, WOMACK, KEASLER, HERVEY and HOLCOMB, JJ., joined.

Appellant was convicted of murder pursuant to Tex.Pen.Code § 19.02(b)(1). The jury found two enhancement paragraphs

to be true and assessed punishment at seventy-five years confinement.

A panel of the court of appeals held that the evidence was legally insufficient to support appellant's conviction of murder as a principal,[1] but that the evidence was both legally and factually sufficient to support appellant's conviction of murder as a party. *Marvis v. State*, 3 S.W.3d 68, 70–6 (Tex. App.—Houston [14th Dist.] 1999). However, it reversed and remanded for a new trial on murder under the law of parties, on the basis of jury-charge error.

We granted the state's petition for discretionary review to determine whether: (1) the court of appeals misapplied the law on concurrent causation in finding the state's evidence legally insufficient to establish the appellant's guilt as a principal; (2) a majority of the justices of the court of appeals wrongly held that unobjected-to error in the jury charge constituted reversible error. We reverse and remand.

According to the evidence adduced at trial, appellant heard a knock on his door while at home one night. He answered the door and saw Jerome Dickey and Carlton Brown standing in the hall. Appellant went back into his apartment, put on a bullet-proof vest, got a gun, and returned to the hall. Thereafter, an argument took place among the three men. According to appellant, Dickey shot Brown in the head as Brown started to reach for his pistol. Appellant claimed that he then fired his gun in self defense. Four of appellant's bullets hit Brown, and a shot aimed at Dickey misfired. Brown suffered a total of ten gunshot wounds, six from Dickey and four from appellant. Appellant sustained a gunshot wound in his lower leg. Physical evidence indicated that Dickey and appellant struggled after the gun fight.

In its decision, a majority of the court of appeals held, *inter alia*, that there was reversible jury-charge error. It found that the charge instructed the jury on the law of parties in the abstract portion, but made no reference to the law of parties in the application portion. *Marvis*, 3 S.W.3d at 75. Instead, the application paragraph authorized the jury to convict appellant if it found beyond a reasonable doubt that appellant "either acting alone or together with Jerome Dickey, on or about the fourth day of April, 1995, did then and there unlawfully, intentionally or knowingly cause the death of Carlton Brown...." *Id.* at 72–73. The court noted that acting as a party requires more than just an appearance of acting together and held that the charge in the instant case allowed a conviction based on the mere appearance that appellant and Dickey were acting together. *Id.* at 73. Thus, it reasoned, this error lowered the state's burden of proof because it allowed the jury to convict appellant as a party without requiring the state to prove the *mens rea* element. *Id.* at 73, 76. Based on this error, it concluded that the charge authorized conviction only as a principal. *Id.* at 76.

Because this error was not objected to at trial, the court conducted an "egregious harm" analysis pursuant to *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984) (op. on reh'g). *Marvis*, 3 S.W.3d at 76. It concluded that the charge error could have allowed appellant to be convicted even while acting in self-defense so long as his self-defense action, combined with Dickey's deadly force, effectuated the death. *Id.* Thus, the court held that the charge error resulted in egregious harm. *Id.*

■ As the court of appeals noted, the application paragraph of the jury charge authorized the jury to convict appellant if it found beyond a reasonable doubt that

---

1. Appellant also claimed that the evidence was factually insufficient to support his conviction as a principal. Having found the evidence legally insufficient to support the conviction, the court of appeals stated that it was unnecessary to address appellant's factual sufficiency challenge. *Marvis*, 3 S.W.3d at 70 n. 1. However, the court of appeals also stated that it found the evidence both legally and factually insufficient to support appellant's conviction as a principal. *Id.* at 76.

appellant "either acting alone or together with Jerome Dickey, on or about the 4th day of April, 1995, did then and there unlawfully, intentionally or knowingly cause the death of Carlton Brown by shooting Carlton Brown with a deadly weapon, namely, a firearm," or that appellant "either acting alone or together with Jerome Dickey, on or about the 4th day of April, 1995, did then and there unlawfully intend to cause serious bodily injury to Carlton Brown, and did cause the death of Carlton Brown by intentionally or knowingly committing an act clearly dangerous to human life, namely, by shooting Carlton Brown with a deadly weapon, namely, a firearm . . . ." However, by focusing on this portion of the jury charge, the court of appeals removed it from its context. As we have stated,

> the actual degree of harm [concerning jury charge error] must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

*Almanza*, 686 S.W.2d at 171.

■ In the charge, immediately before the application portion, the jury was instructed that:

> All persons are parties to an offense who are proven beyond a reasonable doubt to be guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other to commit the

offense. Mere presence alone will not constitute one a party to an offense.

Thus, the use of the phrase "acting together" in the application portion of the charge is a reference to the abstract portion, which equates "acting together" with "party." "Party" is defined in terms of the definition of "criminal responsibility," which is defined by tracking the statutory language set out in Tex.Pen.Code § 7.02(a)(2). As such, the jury charge connected "acting together" with the complete definition of "criminal responsibility," including the requisite culpable mental state. The charge did not relieve the state from proving the *mens rea* element necessary to be convicted as a party or authorize the jury to convict appellant only as a principal. Therefore, we cannot say that the charge resulted in egregious harm to appellant. The state's second ground for review is sustained.[2]

The judgment of the court of appeals is reversed, and the cause is remanded for consideration of appellant's remaining point of error.

PRICE, J., filed an opinion concurring in the judgment, in which WOMACK, J., joined as to part I.

PRICE, J., filed a concurring opinion in which WOMACK, J., joined as to part I.

I concur because I disagree with the majority's resolution of the State's grounds for review. I would address the State's first ground for review and hold that the Court of Appeals's erred when it decided that the evidence was legally insufficient to support finding the appellant guilty as a principal.

I

I would hold that the Court of Appeals erred in holding the evidence legally insufficient to support the appellant's guilt as a principal because wounds caused by the

2. Due to our disposition on this ground, we find it unnecessary to review the state's remaining ground. Therefore, that ground is dismissed.

appellant's conduct were not clearly insufficient to cause the death of the victim.

When conducting a legal sufficiency review, we review all the evidence in the light most favorable to the jury's verdict. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The trier of fact is the exclusive judge of credibility and the weight to be given to testimony at trial. *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996). The resolution of conflicts in evidence is properly made by the jury. *Id.*

Penal Code section 6.04(a) provides the relevant requirements for proving causation. "A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." We explained the statute in *Robbins v. State*, 717 S.W.2d 348, 351 (Tex.Crim.App.1986):

> If concurrent causes are present, two possible combinations exist to satisfy the "but for" requirement: (1) the defendant's conduct may be sufficient by itself to have caused the harm, regardless of the existence of a concurrent cause; or (2) the defendant's conduct and the other cause *together* may be sufficient to have caused the harm.

*Id.* Although I agree that the result of Dickey's conduct was sufficient to cause the victim's death, I do not agree that the result of the appellant's conduct was clearly insufficient.

The evidence at trial showed that the appellant and Dickey used two weapons of different calibers. Therefore, Dr. Tommie J. Brown, the assistant medical examiner who performed the autopsy, was able to distinguish the wounds caused by the appellant's weapon and the wounds caused by Dickey's weapon. Dr. Brown testified that the four wounds from the appellant's weapon would have been fatal unless the victim received immediate medical attention. He testified that three of the injuries caused by Dickey were almost instantly fatal. One of the injuries by Dickey, a shot to the victim's head, would have caused death in fifteen to thirty seconds.

The Court of Appeals held that the evidence was legally insufficient to support the appellant's guilt as a principal because the victim would not have died from the wounds caused by the appellant before dying from the wounds caused by Dickey. The Court said that the issue was "whether or not Dr. Brown's testimony provides some evidence beyond a reasonable doubt that appellant's gunshot wounds to complainant's abdominal region caused complainant's death before the other assailant's gunshot wounds to complainant's head." The Court distinguished *Umoja v. State*, 965 S.W.2d 3, 5 (Tex.App.—Fort Worth 1997, no pet.), in which more than one defendant beat the victim to death. The medical examiner could not say which blows to the victim caused his death. *Id.* at 9. In that case, no proof existed to show that the appellant's blows were clearly sufficient and other blows clearly insufficient. *Id.*

The Court explained that, in the instant case, the victim would have died regardless of the appellant's conduct. I agree that Dickey's conduct was sufficient to cause the result in less than one minute. But the Court goes on to say that the appellant's shots were clearly insufficient to have caused the victim's death *within the relevant time.* The statute contains no temporal requirement, and I would not read one into the statute. I would reverse the Court of Appeals's holding that the evidence was legally insufficient to find the appellant guilty as a principal.

## II.

Because of the way that I would resolve the State's first ground for review, I would not address the second ground for review. *See Brown v. State*, 716 S.W.2d 939, 945–46 (Tex.Crim.App.1986) (holding that any error in charging on the law of parties is

harmless if the evidence clearly supports appellant's guilt as a primary actor). Because I disagree with parts of the majority's opinion, I will address my concerns.

The appellant did not object to the absence of the language in the application paragraph. Therefore, the error must be analyzed under the egregious harm standard of *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g). Egregious harm exists when the defendant is denied a fair and impartial trial. To determine whether egregious harm exists, the reviewing court must look at "the entire jury charge, the state of the evidence, including contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

In further explanation, the *Almanza* Court said:

> But in determining whether the error is material . . . we are to look to the whole record bearing upon the subject. What was the nature of the testimony supporting the verdict? Was it cogent and overwhelming? What was the character of the testimony presenting the phase or theory of the case omitted to be noticed in the charge, and upon which omission error is assigned? Was it at all reasonable? Did it present a theory which a reasonable mind could entertain, or was it supported by such testimony as was remotely calculated to destroy the State's case when considered in connection with the other testimony in the case, as well as the charge as a whole? Was the phase of the case simply an addition to the case as made by the State and consistent therewith, or was it in direct conflict with the State's theory? These are all important matters to be considered in passing upon the [degree of harm] in the omission or error. . . .

*Id.* at 173–74 (citing *Davis v. State*, 28 Tex.Ct.App.542, 13 S.W. 994, 995 (1890)).

In *Chatman v. State*, 846 S.W.2d 329 (Tex.Crim.App.1993), we said that the language "either acting alone or as a party as that term has been defined" was sufficient to incorporate the entire instruction on parties from the abstract portion of the charge. In *Chatman* the application portion of the charge included: "acting alone or as a party, as that term has been defined." *Id.* at 332. The language from the *Chatman* charge tells the jury to look for the definition elsewhere in the charge.

In this case, the abstract portion of the jury charge language included instructions on party liability:

> All persons are parties to an offense who are proven beyond a reasonable doubt to be guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

> A person is criminally responsible for an offense committed by another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

Cl. R. at 21–22.

The application paragraph included the following language:

> Now, if you find from the evidence beyond a reasonable doubt that, in Harris County, Texas Zerick Marvis, the defendant, *either acting alone or together with* Jerome Dickey, on or about the 4th day of April, 1995, did then and there unlawfully, intentionally, or knowingly cause the death of Carlton Brown, by shooting Carlton Brown with [a] deadly weapon. . . .

Cl. R. at 22 (emphasis added).

The majority holds that the words "acting together with" were sufficient to incorporate the parties charge into the application portion of the jury's charge in this

case, and thus, the appellant did not suffer egregious harm. I would distinguish this case from *Chatman.* In this case there was no reference to the what the trial court meant by "acting together with."

"Together" is a word that, in common usage, has many meanings. It can mean spatial or temporal closeness, *see* Webster's II New College Dictionary 1158 (1999), or it can mean "in union with." Black's Law Dictionary 1658 (rev. 4th ed. 1968). A usage note on the meaning of "together with" explains that it means "in addition to." [1] There are many different meanings that the jury could take from the use of the word together.

The application portion of the charge with the definition of "together with" included would say: "*either acting alone or in addition to* Jerome Dickey, on or about the 4th day of April, 1995, did then and there unlawfully, intentionally or knowingly cause the death of Carlton Brown by shooting Carlton Brown with a deadly weapon . . ." This may or may not convey the meaning of a party and the legal elements that the jury must find. It weighs in favor of the State that the abstract portion of the charge that describes party liability is directly above the application portion, but the majority does not discuss this as a factor.

The majority cites *Almanza,* but addresses only the language of the instruction in the context of the entire charge. The other factors that should be addressed include the state of the evidence, contested issues, argument of counsel, any other relevant information provided by the record. *Almanza,* 686 S.W.2d at 171. The majority reverses the judgment of the Court of Appeals for failing to conduct a complete analysis and then fails to take all of the factors into consideration in its own analysis.

I would vacate the judgment of the Court of Appeals and remand to the Court of Appeals for a factual sufficiency analysis.

---

1. –**together with.** in addition to. usage: *Together with,* sometimes follows the subject of a sentence or clause to introduce an additional element. In such a circumstance, however, the number of the verb is governed only by the subject and does not change. Therefore it is correct to write *The ambassador* (singular), *together with two aides, is* (singular)*going to attend the conference.* The same principle applies to the use of expressions such as *along with, as well as, besides, in addition to,* and *plus: Common sense as well as tact is necessary for the job.*
Webster's II New College Dictionary 1158–59 (1999).