COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-228-CR*
 
 
DELBERT 
WAYNE TAYLOR                                                     APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 362ND DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
 
        Appellant 
Delbert Wayne Taylor appeals his conviction for burglary of a habitation.  
A jury found Taylor guilty and assessed his punishment at seventeen years’ 
confinement.  In four points, Taylor challenges two jury instructions and 
the use of a prior conviction and an unadjudicated extraneous offense during the 
punishment phase.  We will affirm.
II. Factual 
Background
        Eyewitness 
testimony at trial placed Taylor at the scene of the crime, carrying a 
television set out of the complainants’ home.  The eyewitness also 
testified that a female with long, black hair was sitting in a gray, four-door 
Ford waiting for Taylor.
        A 
pawnshop employee testified that on the date of the burglary in question he took 
“a pawn” from Kristina Holland, matching the items stolen from the 
complainants.  He testified that someone helped Holland carry in the items 
and identified that person as Taylor by comparing pictures to the videotape 
showing the pawn activity.  In the months following the burglary, an 
officer located the car, which was described by the eyewitness, at Taylor’s 
mother’s house.
        Taylor 
testified that on the date in question he had loaned his Ford Escort to “Chris 
and Angie,” who were occupants at the motel where he was living.  He 
stated that they came back with the car later that afternoon and that Chris told 
him that he wanted someone with an ID to go to a pawn shop.  He said that 
he took his girlfriend Kristina Holland to the pawn shop, as well as a 
television and a VCR. He admitted that he helped Holland pawn the items, but he 
stated that he had no idea where the items came from and that he was suspicious 
of them.
        The 
jury charge at the guilt-innocence stage included an instruction on law of 
parties.  After deliberating, the jury found Taylor guilty of burglary of a 
habitation.  After hearing evidence during the punishment phase, the jury 
assessed Taylor’s punishment at seventeen years’ confinement.  This 
appeal followed.
III. Standard 
of Review
        Appellate 
review of error in a jury charge involves a two-step process.  Abdnor v. 
State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must 
determine whether error occurred. Id. at 731-32.  In determining if 
jury charge error exists, we view the charge as a whole, rather than focusing 
only on isolated statements or parts of the charge standing alone. Fowler v. 
State, 126 S.W.3d 307, 309 (Tex. App.—Beaumont 2004, no pet.) (citing Marvis 
v. State, 36 S.W.3d 878, 880 (Tex. Crim. App. 2001)).  If charge error 
occurred, we must then evaluate whether sufficient harm resulted from the error 
to require reversal.  Abdnor, 871 S.W.2d at 731-32.
IV. Court’s 
Charge on Law of Parties
        In 
his second point, Taylor argues that the trial court violated his right to a 
fair jury trial under the Fifth, Sixth, and Fourteenth Amendments to the United 
States Constitution and under article I, section 10 of the Texas Constitution by 
incorrectly instructing the jury on the law of parties.  Specifically, 
Taylor argues that the charge’s application paragraph allowed the jury to 
convict him of burglary of a habitation without the necessity of finding that 
another responsible party actually committed the offense.
        In 
Texas, “[a] person is criminally responsible as a party to an offense if the 
offense is committed by his own conduct, by the conduct of another for which he 
is criminally responsible, or by both.” Tex. Penal Code Ann. § 7.01(a) (Vernon 
2003).  Under the law of parties, the State may enlarge a person’s 
criminal responsibility to acts in which he may not be the primary actor if such 
person, acting with intent to promote or assist the commission of the offense, 
solicits, encourages, directs, aids, or attempts to aid the other person to 
commit the offense.  Id. § 7.02(a)(1)-(2).
        Here, 
the application paragraph instructed the jury:
 
Now if you find from the evidence beyond a reasonable doubt that the defendant, 
DELBERT WAYNE TAYLOR, did, in Denton County, Texas, on or about the 11th day of 
January, 2002, then and there intentionally or knowingly enter a habitation, 
[without] the effective consent of Mark Courchesne, the owner thereof, with 
intent to commit theft or did attempt to commit theft, or commit theft, or if 
you believe from the evidence beyond a reasonable doubt that the defendant, 
DELBERT WAYNE TAYLOR, on or about the 11th day of January, 2002, either by his 
own conduct, or by acting with intent to promote or assist the commission of the 
offense of BURGLARY OF A HABITATION, as charged in the indictment, he solicited, 
encouraged, directed, aided or attempted to aid, KRISTINA HOLLAND, you will find 
the defendant guilty of burglary of a habitation, as charged in the indictment.
 
Immediately 
preceding the application portion of the charge, the jury was instructed in the 
abstract portion that
 
[a] person is criminally responsible as a party to an offense if the offense is 
committed by his own conduct, or by the conduct of another for which he is 
criminally responsible, or both.  Each party to an offense may be charged 
with the commission of the offense.
 
Mere 
presence alone will not make a person a party to an offense.  A person is 
criminally responsible for an offense committed by the conduct of another if, 
acting with intent to promote or assist the commission of the offense, he 
solicits, or encourages or directs or aids or attempts to aid the other person 
to commit the offense.
 
Taylor 
did not object to the jury charge at trial.
        Taylor 
argues that the phrase “to commit the offense (of BURGLARY OF A HABITATION)” 
should have been inserted after “KRISTINA HOLLAND” in the application 
portion so that the jury would have understood that it could only convict him 
for the criminal act of another if the State proved that Kristina Holland 
actually committed the burglary.
        The 
law of parties instructions in the charge tracked the language of the relevant 
portions of the penal code.  See id. §§ 7.01(a), 7.02(a)(2).  
The instructions explained when a person is criminally responsible for an 
offense committed by another and connected “an offense committed by the 
conduct of another” and “the other person to commit the offense” with 
“KRISTINA HOLLAND” by naming her in the application portion.  Moreover, 
the following application paragraph language, requiring the jury to find that 
Taylor “either by his own conduct or by acting with intent to promote or 
assist in the commission of the offense of BURGLARY OF A HABITATION,” 
sufficiently explained that the jury could find Taylor guilty as a party only if 
he acted with the intent to promote or assist in the burglary of a habitation.  
The very next clause of the same sentence in the application paragraph linked 
the burglary of a habitation to Kristina Holland.
        Reviewing 
the application language in conjunction with the instructions, as we must, we 
hold that the trial court did not commit charge error because the jury charge 
correctly set forth the law of parties and did not allow the jury to convict 
Taylor as a party without finding that another person, Kristina Holland, 
committed the offense of burglary.  See Marvis, 36 S.W.3d at 880 
(holding language in application portion referable to abstract portion so that 
charge did not relieve State from proving mens rea element necessary for 
a party conviction nor authorize conviction only as a principal).  We also 
hold that, even if Taylor was entitled to the additional language, he was not 
egregiously harmed by the trial court's failure to include it.  See 
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) 
(holding that conviction should not be reversed based upon uncontested charge 
error absent egregious harm to appellant); see also Marvis, 36 S.W.3d at 
880 (explaining entire charge must be reviewed in context along with state of 
the evidence and relevant information revealed by record of trial as a whole to 
assess harm).  We overrule Taylor’s second point.
V. Good Conduct 
Time Instruction
        In 
his first point, Taylor contends that the trial court erred by failing to 
include in the punishment charge the instruction mandated by article 37.07, 
section 4(c) of the Texas Code of Criminal Procedure dealing with good conduct 
time credit.  The State responds that the punishment charge contains each 
paragraph and each word of the statutory instruction.  We agree.
        The 
record demonstrates that all of the language required by article 37.07, section 
4(c) was included in the “Charge on Punishment” in this case.  See 
Tex. Code Crim. Proc. Ann. art. 
37.07 § 4(c) (Vernon Supp. 2004-05).  Consequently, the trial court did 
not commit charge error with respect to its instruction on good conduct time.  
We overrule Taylor’s first point.
VI. Unpreserved 
Errors
        In 
his third and fourth points, Taylor complains that the prosecutor’s 
introduction of the facts underlying one of Taylor’s prior convictions[2] denied him a fair jury trial and that he was not given 
proper notice of an unadjudicated extraneous offense[3] 
used by the State during the punishment phase.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion.  Tex. R. App. 
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999).  
Further, the trial court must have ruled on the request, objection, or motion, 
either expressly or implicitly, or the complaining party must have objected to 
the trial court’s refusal to rule.  Tex. R. App. P. 33.1(a)(2).
        Here, 
the record reveals that Taylor failed to assert a trial objection raising the 
complaints set forth in his third and fourth points.  We hold that Taylor 
forfeited the errors, if any, by failing to specifically object at trial on the 
grounds of error urged on appeal.  See id.; Mendez v. State, 
138 S.W.3d 334, 342 (Tex. Crim. App. 2004) (holding that failure to comply with Tex. R. App. P. 33.1(a) results in 
forfeiture of error); Hartson v. State, 59 S.W.3d 780, 788 (Tex. 
App.—Texarkana 2001, no pet.) (holding that where there was no objection to 
evidence based on State’s failure to provide notice of its intent to use 
extraneous acts, contention of error was not preserved for appellate review).  
We overrule Taylor’s third and fourth points.
VII.  
Conclusion
        Having 
overruled each of Taylor’s four points, we affirm the trial court’s 
judgment.
 
 
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
F:   DAUPHINOT, HOLMAN, and WALKER, JJ.
 
DAUPHINOT, 
J. filed a dissenting opinion.
 
PUBLISH
 
DELIVERED: 
September 30, 2004


 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 2-03-228-CR
 
 
 
DELBERT 
WAYNE TAYLOR                                                     APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 362ND DISTRICT COURT OF DENTON COUNTY
 
------------
 
DISSENTING OPINION
 
------------
        “A 
person is criminally responsible as a party to an offense if the offense is 
committed by his own conduct, by the conduct of another for which he is 
criminally responsible, or by both.”[1]  An 
essential element of burglary of a habitation as a party or as a principal is 
that the offense was committed either by the other person or by the defendant.
        The 
trial court is obligated to charge the jury on the “law applicable to the 
case.”[2]  This obligation requires the court 
to instruct the jury concerning each and every element of the offense.[3]  The court’s charge, rather than merely stating 
abstract propositions of law and general principles contained in the statutes, 
must clearly apply the law to the very facts of the case.[4]  
As our sister court in Dallas has pointed out,
 
While the law of parties makes an accused criminally responsible, under some 
circumstances, for the conduct of another, see section 7.02, it does not alter 
the definition of the conduct constituting an offense.  On the contrary, 
the language in section 7.02, making an accused vicariously responsible for 
aiding another “to commit the offense,” still requires conduct 
constituting an offense plus an intentional act by the accused to promote or 
assist such conduct.[5]
 
A jury charge 
may not authorize a conviction on less evidence than the law requires.[6]  Nor can either the indictment or the general 
statements of law supply the elements omitted from the application paragraph.[7]
        In 
the case now before this court, the application paragraph instructed the jury to 
convict if they found Appellant had acted as a principal or that Appellant, 
acting with the specific intent to promote or assist a burglary, had solicited, 
encouraged, directed, aided, or attempted to aid Kristina Holland.  The 
jury, however, was not required to find that Kristina Holland or anyone else had 
actually committed the burglary in the parties application.  For this 
reason, I would hold that the trial court erred in submitting the improper 
charge to the jury and in allowing conviction on less evidence than required by 
law.  I, therefore, respectfully dissent from the majority opinion.
 
 
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
  
 
PUBLISH
 
DELIVERED:  September 30, 2004

 
NOTES
*  MAJORITY OPINION BY JUSTICE WALKER; DISSENTING OPINION 
BY JUSTICE DAUPHINOT
MAJORITY OPINION NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The prior conviction dealt with evading arrest/detention with a motor vehicle in 
2002.
3.  
The unadjudicated extraneous offense involved an unauthorized use of a motor 
vehicle on August 24, 2001 in Wichita County, Texas.
 
DISSENTING OPINION NOTES
1.  
Tex. Penal Code Ann. § 7.01(a) 
(Vernon 2003).
2. 
Tex. Code Crim. Proc. Ann. art. 36.14 
(Vernon Supp. 2004-05).
3.  
See id.; 43 George E. Dix 
& Robert O. Dawson, Criminal Practice and Procedure § 36.11, at 
561-62 (Texas Practice 2001).
4.  
Newton v. State, 648 S.W.2d 693, 694-95 (Tex. Crim. App. 1983); Williams 
v. State, 622 S.W.2d 578, 579 (Tex. Crim. App. [Panel Op.] 1981).
5.  
Herring v. State, 633 S.W.2d 905, 908 (Tex. App.—Dallas 1982), aff’d, 
659 S.W.2d 391 (Tex. Crim. App. 1983) (emphasis added).
6.  
Polk v. State, 749 S.W.2d 813, 815-16 (Tex. Crim. App. 1988).
7.  
Hernandez v. State, 10 S.W.3d 812, 819-20 (Tex. App.—Beaumont 2000, 
pet. ref’d).