IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00237-CR

 

David Lee Coleman,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the Criminal District Court

Jefferson County, Texas

Trial Court No. 89897

 



MEMORANDUM  Opinion










 

      Coleman appeals his conviction for
possession of cocaine.  See Tex.
Health & Safety Code Ann. § 481.115(a) (Vernon 2003).  We
affirm.

      Sufficiency of the Evidence.  In Coleman’s first and second issues, he
contends that the evidence that he knowingly or intentionally possessed cocaine
was insufficient.  Coleman argues that there is no evidence.  Coleman concedes
that he “was in exclusive care, control and management of the powder rock
cocaine as it was in the bottom [sic] his front pocket mixed with lint at jail
book-in.”    

      Legal Sufficiency.  Considering the
record evidence in the light most favorable to the jury’s verdict, we determine
that a rational jury could have found beyond a reasonable doubt that Coleman
knowingly or intentionally possessed cocaine.  See Jackson v. Virginia, 443
 U.S. 307, 318-19 (1979); Prible v. State, No. AP-74,487, 2005 Tex. Crim. App. LEXIS 110, at *12-*13 (Tex. Crim. App. Jan. 26, 2005); Tex. Penal Code Ann. § 1.07(a)(39)
(Vernon Supp. 2004-2005) (“possession” defined).  We overrule Coleman’s first
issue.  

      Factual Sufficiency.  Viewing the
evidence in a neutral light, we determine that the evidence is not so weak that
the verdict is clearly wrong or manifestly unjust, nor is the contrary evidence
so strong that the beyond-a-reasonable-doubt standard could not have been met. 
See Prible, 2005 Tex. Crim. App. LEXIS 110, at *16; Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004). We overrule Coleman’s second issue.

      Charge.  In Coleman’s fourth
and fifth issues, he complains of the jury charge.

      Verdict Form.  In Coleman’s fifth
issue, he contends that the trial court erred in instructing the jury, “After
you have reached a unanimous decision, your foreperson should sign the
appropriate verdict attached to the charge, rather than, “If you reach a unanimous
decision.”  Assuming, without deciding, that the trial court erred, any error
was harmless.  In light of the otherwise unobjectionable charge and the
overwhelming evidence, Coleman suffered no harm.  See Ellison v. State, 86
S.W.3d 226, 228 (Tex. Crim. App. 2002); Marvis v. State, 36 S.W.3d 878,
879 (Tex. Crim. App. 2001). We overrule Coleman’s fifth issue.

      Burden of Proof on Prior Convictions.  In
Coleman’s fourth issue, he contends that the trial court erred in denying
Coleman’s request for a penalty-phase instruction that Coleman’s prior
convictions must be proved beyond a reasonable doubt.  The trial court does not
err in not giving such an instruction.  Bluitt v. State, 137 S.W.3d 51,
54 (Tex. Crim. App. 2004).  We overrule Coleman’s fourth issue.

      Evidence of Prior Convictions.  In Coleman’s third issue, he contends that the
trial court erred in overruling Coleman’s objections to the judgments of
Coleman’s prior convictions in the penalty phase.  Coleman argues that the
quality of the fingerprints and photographs is poor.  These objections go to
the weight of the evidence, not its admissibility.  See Robinson v. State, 739
S.W.2d 795, 802 (Tex. Crim. App. 1987).  We overrule Coleman’s third issue.

      Having overruled Coleman’s
issues, we affirm the judgment.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

      (Justice
Vance concurring with note)*

Affirmed

Memorandum
opinion delivered and filed July 6, 2005

Do
not publish

[CR25]

  *  “(Justice Vance concurs with a note:  It is
hard to understand why this opinion, even though it is a memorandum opinion,
does not adequately address Appellant’s issues.  The sufficiency issues contain
no analysis of the evidence whatsoever; no explanation is given how a charge
that assumes a unanimous guilty verdict is harmless. Although I concur in the
judgment, I cannot join this opinion.)”