IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00053-CR

 

Andre Zeigler,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. 17836

 



MEMORANDUM  Opinion










 

        In an altercation among Manuel
Whisenhut, Willie Hawkins, and Appellant, Andre Zeigler, in 2003, Whisenhut
received injuries that resulted in his death.  Zeigler and Hawkins were charged
with intentionally or knowingly causing serious bodily injury to Whisenhut, an
elderly individual.  See Tex. Penal
Code Ann. § 22.04(a)(1), (c)(2) (Vernon Supp. 2007); Penal Code,
73d Leg., R.S., ch. 900, § 1.01, sec. 22.04(e), 1993 Tex. Gen. Laws 3586,
3622 (amended 2005) (current version at Tex.
Penal Code Ann. § 22.04(e) (Vernon Supp. 2007)); see also Tex. Penal Code Ann. § 1.07(a)(46)
(Vernon Supp. 2007).  In separate trials, juries found Zeigler and Hawkins
guilty of the lesser included offense intentionally or knowingly causing bodily
injury to an elderly individual.  See Tex.
Penal Code Ann. § 22.04(a)(3) (Vernon Supp. 2007); Penal Code, 73d
Leg., R.S., ch. 900, § 1.01, sec. 22.04(f), 1993 Tex. Gen. Laws 3586, 3622
(amended 2005) (current version at Tex.
Penal Code Ann. § 22.04(f) (Vernon Supp. 2007)); see also Tex. Penal Code Ann. § 1.07(a)(8)
(Vernon Supp. 2007).  Zeigler appeals.  We affirm.

        Charge.  In
Zeigler’s first two issues, he complains of the trial court’s charge on guilt
or innocence.

        Texas Code of Criminal
Procedure Article 36.14 provides that “in each felony case . . .
tried in a court of record, the judge shall . . . deliver to the jury
. . . a written charge distinctly setting forth the law applicable to
the case . . . .”  Tex.
Code Crim. Proc. Ann. art. 36.14 (Vernon 2007).  Code of Criminal
Procedure Article 36.19, in turn, provides:

       Whenever it appears by the record in any
criminal action on appeal that any requirement of Article[] 36.14
. . . has been disregarded, the judgment shall not be reversed unless
the error appearing from the record was calculated to injure the rights of
[the] defendant, or unless it appears from the record that the defendant has
not had a fair and impartial trial.

Tex. Code
Crim. Proc. Ann. art. 36.19 (Vernon
2007).  In Almanza v. Texas, the Texas Court of Criminal Appeals:

concluded that [Article 36.19’s]
language created two separate harm-analysis standards: the first to be used
when a timely objection is made to the charge; the second to be used when no
such objection appears in the record.

       The first standard dictates
that reversal should occur if the defendant made a timely objection and if the
error is “calculated to injure the rights of the defendant.”  [The Court of
Criminal Appeals] ha[s] interpreted this to mean that there must be some harm
to the defendant from the error.  Properly preserved jury-charge error requires
reversal unless it is harmless.

       If the defendant has not made a timely
objection, we apply the second standard, and reversal is not required unless he
has not had a fair trial.

Penry v. State, 178 S.W.3d 782, 788 (Tex. Crim. App. 2005) (internal
footnotes omitted), cert. denied, 547 U.S. 1200 (2006); see Tex. Code Crim. Proc. Ann. art. 36.19; Druery
v. State, 225 S.W.3d 491, 504 (Tex. Crim. App.), cert. denied, 128
S. Ct. 627 (2007); Madden v. State, 242 S.W.3d 504, 513 (Tex. Crim. App. 2007); Delgado v. State, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007);
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on
reh’g).  Under the second standard, “[i]f the defendant fails to object or
request an instruction before the trial court reads the charge to the jury,
then error in the charge is reversible only if it causes ‘egregious harm’ to
the defendant.”  Delgado at 249 (quoting Almanza at 171). 
“Errors that result in egregious harm are those affecting the ’”very basis of
the case,”’ those depriving ‘the defendant of a “valuable right,”’ or those
that ‘”vitally affect a defensive theory.”’”  Druery at 504 (internal
footnote omitted) (quoting Hutch v. State, 922 S.W.2d 166, 171 (Tex.
Crim. App. 1996) (quoting Almanza at 172)).

        “The harm is determined by
considering the entire charge; the state of the evidence, including contested
issues and the weight of the probative evidence; the argument of counsel; and
any other relevant information revealed by the record as a whole.”  Olivas
v. State, 202 S.W.3d 137, 146 (Tex. Crim. App. 2006); accord Ellison v.
State, 86 S.W.3d 226, 228 (Tex. Crim. App. 2002) (quoting Almanza,
686 S.W.2d at 171); Marvis v. State, 36 S.W.3d 878, 880 (Tex. Crim. App.
2001); Hutch, 922 S.W.2d at 171; see Tex. R. App. P. 44.2(b).

        Zeigler did not object to the
charge.

        Accomplice Witness. 
First, Zeigler contends that the trial court erred in not giving an
accomplice-witness instruction on Hawkins’s testimony.  

        “An accomplice is someone who
participates with the defendant before, during, or after the commission of a
crime and acts with the required culpable mental state.”  Druery, 225
S.W.3d at 498 (citing Paredes v. State, 129 S.W.3d 530, 536 (Tex. Crim.
App. 2004); Kunkle v. State, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986));
accord Jackson v. State, 552 S.W.2d 798, 805 (Tex. Crim. App. 1976) (op.
on orig. submission).

        Texas Code of Criminal
Procedure Article 38.14 provides: “A conviction may not be had upon the
testimony of an accomplice unless corroborated by other evidence tending to
connect the defendant with the offense committed; and the corroboration is not
sufficient if it merely shows the commission of the offense.”  Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 2005).  “The corroborating evidence under 38.14 need not be sufficient,
standing alone, to prove beyond a reasonable doubt that a defendant committed
the offense.  All that is required is that there is some non-accomplice
evidence tending to connect the defendant to the offense.”  Joubert
v. State, 235 S.W.3d 729, 731 (Tex. Crim. App. 2007) (emphasis in orig.), cert.
denied, 76 U.S.L.W. 3454 (U.S. 
Feb. 25, 2008); accord Vasquez v. State, 67 S.W.3d 229, 236 (Tex.
Crim. App. 2002); Shrader v. State, 121 Tex. Crim. 623, 627, 51 S.W.2d
607, 609 (1932) (op. on reh’g).  “There need be only some non-accomplice
evidence tending to connect the defendant to the crime, not to every element of
the crime.”  Joubert at 731 (citing Vasquez v. State, 56 S.W.3d
46, 48 (Tex. Crim. App. 2001)); accord Warren v. State, 514 S.W.2d 458,
462-63 (Tex. Crim. App. 1974), overruled in part on other grounds, Reed v.
State, 744 S.W.2d 112, 125 (Tex. Crim. App. 1988).

The underlying premise behind th[is] accomplice
witness rule is the idea that an accomplice witness is a “discredited witness”
and that “the testimony of an accomplice witness is to be carefully scrutinized
not only because of any interest he or she might have, but because his or her
testimony is evidence from a corrupt source.”

Beathard v. State, 767 S.W.2d 423, 429 (Tex. Crim. App. 1989)
(quoting Paulus v. State, 633 S.W.2d 827, 843 (Tex. Crim. App. [Panel
Op.] 1981) (Onion, P.J., dissenting on orig. submission), op. adopted on
reh’g, id. at 847 (1982) (en banc)) (alteration added); see Taylor v. State, 10 S.W.3d 673, 684 (Tex. Crim. App. 2000).

        “A prosecution witness who is
indicted for the same offense with which the defendant is charged is an
accomplice as a matter of law.”  Herron v. State, 86 S.W.3d 621, 631
(Tex. Crim. App. 2002) (citing Ex parte Zepeda, 819 S.W.2d 874, 876
(Tex. Crim. App. 1991)); see Paredes, 129 S.W.3d at 536; Herrera v.
State, 115 Tex. Crim. 526, 527-28, 27 S.W.2d 211, 212 (1930) (op. on
reh’g).  “If a witness is an accomplice as a matter of law, the trial court is
required to provide an accomplice-witness instruction to the jury.”  Cocke
v. State, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006), cert. denied,
127 S. Ct. 1832 (2007); see Druery, 225 S.W.3d at 488 (citing Paredes
at 536); DeBlanc v. State, 799 S.W.2d 701, 708 (Tex. Crim.
App. 1990).  The trial court errs in failing to provide the instruction.  Herron
at 631 (citing Zepeda at 876); see Herrera, 115 Tex. Crim. at 527, 27 S.W.2d at 212 (op. on orig. submission).

        The State concedes that the
trial court erred in failing to instruct the jury that Hawkins was Zeigler’s
accomplice as a matter of law.  We assume without deciding that the trial court
so erred.

        However, “non-accomplice
evidence can render harmless a failure to submit an accomplice witness
instruction by fulfilling the purpose an accomplice witness instruction is
designed to serve.”  Herron v. State, 86 S.W.3d at 632.  

The instruction merely informs the jury that it
cannot use the accomplice witness testimony unless there is also some
non-accomplice evidence connecting the defendant to the offense.  Once it is
determined that such non-accomplice evidence exists, the purpose of the
instruction is fulfilled, and the instruction plays no further role in the
factfinder’s decision-making.

Herron at 632.  “In determining the strength of a
particular item of non-accomplice evidence, we examine (1) its reliability
or believability and (2) the strength of its tendency to connect the
defendant to the crime.”  Id.  “Under the egregious harm standard, the
omission of an accomplice witness instruction is generally harmless unless the
corroborating (non-accomplice) evidence is ‘so unconvincing in fact as to
render the State’s overall case for conviction clearly and significantly less
persuasive.´”  Id. (quoting Saunders v. State, 817 S.W.2d 688, 692
(Tex. Crim. App. 1991)).  “[T]he reliability inquiry may be satisfied if:
(1) there is non-accomplice evidence, and (2) there is no rational
and articulable basis for disregarding the non-accomplice evidence or finding
that it fails to connect the defendant to the offense.”  Herron at 633. 
“[T]he ‘testimony’ that must be corroborated” under the accomplice-witness rule
“is that which is adduced ‘through live witnesses speaking under oath or
affirmation in [the] presence of [the] tribunal’”; out-of-court statements by
an accomplice witness do not constitute accomplice testimony.  Bingham v.
State, 913 S.W.2d 208, 210 (Tex. Crim. App. 1995) (op. on reh’g) (quoting Black’s Law Dictionary 1476 (6th ed.
1990)) (alterations added); accord Nguyen v. State, 177 S.W.3d 659, 668
(Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).

        The charge as a whole was
unexceptional.  For the reasons we state below in our determination of
Zeigler’s second issue, we overrule Zeigler’s only other charge complaint.

        Zeigler’s theory of the
evidence was that Hawkins caused Whisenhut serious bodily injury.  The
non-accomplice evidence connecting Zeigler to the offense of causing bodily
injury, not in self-defense, was strong.  Zeigler concedes that without the
accomplice’s testimony, “the remaining evidence consists of the physical
evidence showing that Appellant’s jacket had Whisenhut’s blood on it, the
evidence that there was some of Whisenhut’s blood on the pocket knife that was
in Appellant’s pocket, and Appellant’s statement that he struck Whisenhut one
time and possible kicked him one time after being stabbed.”  (Br. at 32.)  The State points to the following evidence:

. . . Appellant’s own statement
. . . proved after he had already knocked Mr. Whisenhut unconscious,
he then kicked him.  The blood evidence in this case also showed that Appellant
had Mr. Whisenhut’s blood on his pants, which was consistent with him kicking
Mr. Whisenhut once to obtain a blood source and then at least a second time for
the blood source to transfer to his clothing.  Additionally, a mixture of Mr.
Whisenhut and Appellant’s blood was found on Appellant’s pocket knife
. . . .  Further blood evidence in this case shows that there
was a castoff pattern on the walls and curtains above the couch, the blood matched
Mr. Whisenhut’s blood, and Appellant had Mr. Whisenhut’s blood on his
jacket—including over his shoulder—which was consistent with striking Mr.
Whisenhut while he was on the couch.

(Br. at 42-43.)  The parties’
references to the presence of Whisenhut’s blood on Zeigler’s knife concern
evidence that Zeigler used the knife as brass knuckles in striking Whisenhut. 
We note also Hawkins’s out-of-court statement admitted into evidence, in which
he stated that Zeigler left Whisenhut’s house after he knocked Whisenhut down
onto the couch or onto the ground, unconscious or at least no  longer a threat,
and then came back inside and repeatedly kicked Whisenhut.  Zeigler concedes,
“On this record, it is entirely possible to find that Appellant struck
Whisenhut causing bodily injury.”  (Br. at 31.)  We agree that there was no
rational basis for disregarding the convincing non-accomplice evidence that
strongly connected Zeigler to the commission of the offense. 

        The parties did not directly
argue Hawkins’s status as an accomplice witness.  Ziegler argued that Hawkins’s
testimony was not credible since Hawkins was testifying pursuant to a plea
bargain on his punishment for assaulting Whisenhut.  The State agreed that
parts of Hawkins’s testimony were false, but that parts were true.

        The parties do not point to,
and we do not perceive, any other relevant information revealed by the record. 


        Zeigler did not suffer
egregious harm from the trial court’s failure to instruct the jury on the
requirement of corroboration of accomplice-witness testimony.  We overrule
Zeigler’s first issue.

        Self-Defense.  Zeigler
also complains that the trial court did not instruct the jury on self-defense
by the use of force.  See Penal Code, 73d Leg., R.S., ch. 900,
§ 1.01, sec. 9.31(a), 1993 Tex. Gen. Laws 3586, 3598 (amended 2007)
(current version at Tex. Penal Code Ann.
§ 9.31(a) (Vernon Supp. 2007)); Tex.
Penal Code Ann. § 9.31(b)-(d) (Vernon Supp. 2007).  The trial court
instructed the jury on self-defense by use of deadly force in connection with
the instruction on the charged offense of causing serious bodily injury, but
did not instruct on ordinary self-defense by other than deadly force in
connection with the lesser included offense of causing bodily injury.  See Act
of May 16, 1995, 74th Leg., R.S., ch. 235, § 1, 1995 Tex. Gen. Laws 2141,
2141-42 (amended 2007) (current version at Tex.
Penal Code Ann. § 9.32 (Vernon Supp. 2007)); Tex. Penal Code Ann. §§ 9.33-9.34
(Vernon 2003).

        Former Texas Penal Code
Section 9.31 provided that, with exceptions, ”a person is justified in using
force against another” in self-defense “when and to the degree he reasonably
believes the force is immediately necessary to protect himself against the
other’s use or attempted use of unlawful force.”  Penal Code, 73d Leg., R.S.,
ch. 900, § 1.01, sec. 9.31(a), 1993 Tex. Gen. Laws at 3598 (amended
2007).  “A person is justified in using deadly force against another” only

       (1)   if he would be justified
in using force against another under Section 9.31;

       (2)   if a reasonable person in
the actor’s situation would not have retreated; and

       (3)   when and to the degree he
reasonably believes the deadly force is immediately necessary:

       (A)  to protect himself against
the other’s use or attempted use of unlawful deadly force; or

       (B)   to prevent the other’s imminent
commission of

enumerated first- or second-degree
felonies.  Act of May 16, 1995, 74th Leg., R.S., ch. 235, § 1, 1995 Tex. Gen. Laws at 2141-42 (amended 2007).

        “A defendant is entitled to an
instruction on self-defense if the issue is raised by the evidence, whether
that evidence is strong or weak, unimpeached or contradicted, and regardless of
what the trial court may think about the credibility of the defense.”  Ferrel
v. State, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001) (citing Granger v.
State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999)); see Wells v. State, 134
 Tex. Crim. 412, 414, 115 S.W.2d 658, 659 (1938) (op. on orig. submission).

        The
State argues that Zeigler was not entitled to a self-defense instruction:

In Appellant’s statements to police, he claimed he
may have kicked the victim while he was unconscious, but he never admitted to
hitting or kicking the victim repeatedly. . . .  Because
Appellant never admitted to committing the charged conduct of repeatedly striking
the victim, he was never entitled to the self-defense instruction.

(Br. at 45 (citing, e.g., East v.
State, 76 S.W.3d 736, 738 (Tex. App.—Waco 2002, no pet.))); see Martinez v. State, 775 S.W.2d 645, 647 (Tex. Crim. App. 1989).  “’[T]o rely on “self-defense,”
the defendant must first admit,’ or ‘substantially admit,’ ‘committing the
conduct which forms the basis of the indictment . . . .’”  Ybarra
v. State, No. 10-07-00066-CR, 2008 Tex. App. LEXIS 12, at *2 (Tex. App.—Waco Jan. 2, 2008, pet. filed) (not designated for publication) (mem. op.)
(quoting East, 76 S.W.3d at 238) (alterations added).  The indictment
alleged that Zeigler caused serious bodily injury to Whisenhut “by repeatedly
striking“ him.  (I C.R. at 2.)  In at least one of Zeigler’s statements
admitted into evidence, he admitted striking Whisenhut more than once.  A
police investigator, quoting Zeigler’s written statement, testified: “I asked
him, ‘Did you strike [Whisenhut] more than one time?’  He answered, ‘I probably
did.’”  (3 R.R. at 253 [(quoting State’s Ex. No. 25, 8 R.R. at 377)].)  We
assume without deciding that Zeigler thus substantially admitted to the conduct
alleged in the indictment.  We likewise assume without deciding that the trial
court erred in not instructing the jury on self-defense by the use of
non-deadly force.  However, Zeigler did not suffer egregious harm from the
trial court’s not so instructing the jury.

        The charge as a whole was
unexceptional.  For the reasons we have stated above in our determination of
Zeigler’s first issue, we have overruled Zeigler’s only other charge
complaint.  The trial court did correctly instruct the jury, “Upon the law of
self defense you are instructed that a person is justified in using force
against another when and to the degree he reasonably believes the force is
immediately necessary to protect himself against the other’s use or attempted
use of unlawful force.”  (I C.R. at 43); see Penal Code, 73d Leg., R.S.,
ch. 900, § 1.01, sec. 9.31(a), 1993 Tex. Gen. Laws at 3598 (amended 2007). 
In the application paragraph of the trial court’s charge, however, the court
instructed the jury only on the use of deadly force.  

        Zeigler’s theory of the
evidence was that he struck Whisenhut once in self-defense immediately after
Whisenhut stabbed him.  The evidence that Zeigler repeatedly struck Whisenhut,
not in self-defense, was strong.  In addition to the evidence mentioned above,
we now also consider the in-court testimony of Hawkins.  Although Hawkins
recanted his out-of-court statement that Zeigler went outside before returning
to continue to assault Whisenhut, Hawkins corroborated the most damaging of his
testimony, that Zeigler repeatedly kicked the incapacitated Whisenhut.  

        As to self-defense, Zeigler
argued only in passing that he need not have retreated and that he had
defensive wounds to his hands.  The State argued briefly in response that some
of Ziegler’s wounds were superficial, received when he struck Whisenhut.

        The parties do not point to,
and we do not perceive, any other relevant information revealed by the record. 


        Zeigler did not suffer
egregious harm from the trial court’s not instructing the jury on self-defense
by use of non-deadly force.  We overrule Zeigler’s second issue.

        Effective Assistance of
Counsel.  In Zeigler’s third and fourth issues, he contends that his
trial counsel failed to render the effective assistance of counsel.  

        “In all criminal prosecutions,
the accused shall enjoy the right . . . to have the Assistance of
Counsel for his defence.”  U.S. Const.
amend. VI.  “Ineffective assistance under Strickland [v. Washington] is deficient performance by counsel resulting in prejudice, with
performance being measured against an ‘objective standard of reasonableness,’
‘under prevailing professional norms.’”  Rompilla v. Beard, 545 U.S. 374, 380 (2005) (quoting Strickland v. Washington, 466 U.S. 668, 687, 688 (1984)). 
“[T]o establish prejudice, a ‘defendant must show that there is a reasonable
probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.’”  Wiggins v.
Smith, 539 U.S. 510, 534 (2003) (quoting Strickland at 694); see
Rompilla at 390.  

        “[C]ounsel is ‘strongly presumed’ to make
decisions in the exercise of professional judgment.”  Yarborough v. Gentry, 540
 U.S. 1, 5 (2003) (quoting Strickland, 466 U.S. at 690).  “That
presumption has particular force where a petitioner bases his
ineffective-assistance claim solely on the trial record, creating a situation
in which a court ‘may have no way of knowing whether a seemingly unusual or
misguided action by counsel had a sound strategic motive.’”  Id. at
5-6 (quoting Massaro v. United States, 538 U.S. 500, 505 (2003))
(internal citation omitted).  “A Strickland claim must be ‘firmly
founded in the record’ and ‘the record must affirmatively demonstrate’ the
meritorious nature of the claim.”  Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005) (quoting Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999)); accord Ex parte Ellis, 233 S.W.3d 324, 330
(Tex. Crim. App. 2007); Salinas v. State, 163 S.W.3d 734, 740 (Tex.
Crim. App. 2005).  “In the absence of anything in the record affirmatively
demonstrating otherwise, we presume that . . . counsel made a
reasonable and strategic decision . . . .”  Salinas at
740; accord Ellis at 330.

Direct appeal is usually an inadequate vehicle for
raising [an ineffective-assistance] claim because the record is generally
undeveloped.  This is true with regard to the question of deficient
performance—in which counsel’s conduct is reviewed with great deference,
without the distorting effects of hindsight—where counsel’s reasons for failing
to do something do not appear in the record.

Goodspeed at 392 (internal footnotes omitted); see
Wiggins, 539 U.S. at 523; Strickland, 466 U.S. at 689; Mata v.
State, 226 S.W.2d 425, 430 (Tex. Crim. App. 2007); Thompson at 814. 
“It is not appropriate for an appellate court to simply infer ineffective
assistance based upon unclear portions of the record.”  Mata at 432.

        “[T]rial counsel should
ordinarily be afforded an opportunity to explain his actions before being
denounced as ineffective.”  Goodspeed, 187 S.W.3d at 392 (quoting
Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)); accord
Andrews v. State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005).  “Absent such
an opportunity, an appellate court should not find deficient performance unless
the challenged conduct was ‘so outrageous that no competent attorney would have
engaged in it.’”  Goodspeed at 392 (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)).  

        Where the record does not show
counsel’s reasons for not requesting a defensive instruction, the appellant does
not show deficient performance.  See McNeil v. State, 174 S.W.3d 758,
758, 760 (Tex. App.—Waco 2005, no pet.); accord Beltran v. State, No.
12-06-00390-CR, 2007 Tex. App. LEXIS 9337, *14-*15 (Tex. App.—Tyler Nov. 30,
2007, no pet.) (not designated for publication) (mem. op.); Burton v.
State, No. 14-06-00022-CR, 2007 Tex. App. LEXIS 5000, at *6 (Tex. App.—Houston [14th Dist.] June 28, 2007, no pet.) (not designated for publication)
(mem. op.).

        In Zeigler’s third issue, he
argues that trial counsel failed to render the effective assistance of counsel
by not requesting an accomplice-witness instruction.  In Zeigler’s fourth
issue, he argues that trial counsel failed to render the effective assistance
of counsel by not requesting an instruction on self-defense by use of other
than deadly force.

        Zeigler does not point to any
record of the reasons for trial counsel’s conduct.  Moreover, in our
determinations of Zeigler’s first and second issues above, we have held that
Zeigler was not prejudiced by trial counsel’s decision not to request an
accomplice-witness instruction or an instruction on self-defense by non-deadly
force.  Zeigler does not show that he did not receive the effective assistance
of counsel.

        We overrule Zeigler’s third
and fourth issues.

        Conclusion.  Having overruled
Zeigler’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

        (Justice Vance dissents from the judgment
with a note) *

Affirmed

Opinion delivered and filed April 9, 2008

Do not publish

[CR25]

 

            *
“(I do not understand how two basic charge errors, i.e., failure to
charge on accomplice testimony and failure to charge on self-defense
(especially when Zeigler had been stabbed by the victim), can be said not to
affect the “very basis of the case,” not to deprive Zeigler of a “valuable
right,” or not to “vitally affect a defensive theory.”  Druery v. State,
225 S.W.3d 491, 504 (Tex. Crim. App. 2007), cert. denied, 128 S.Ct.627
(2007); Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).  We
are not required to find direct evidence of harm to establish egregious harm.  See
Hutch, 922 S.W.2d at 171.  Alternatively, I would find ineffective
assistance of counsel.  There can be no strategic reason not to object to a
charge that even the majority finds to be woefully deficient.  See Vasquez
v. State, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992).  Accordingly, I would
reverse the judgment and remand the cause for a new trial.)”