IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






NO. AP-76,823






Ex parte ZERICK MARVIS





ON APPLICATION FOR A WRIT OF HABEAS CORPUS

FROM HARRIS COUNTY





 Womack, J., delivered the opinion of the Court, in which Keller, P.J., and Meyers,
Keasler, Hervey, Cochran, and Alcala, JJ., joined. Price and Johnson, JJ., dissented.


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to our Court this application for a writ of habeas corpus. (1) The
applicant was convicted of murder and sentenced to seventy-five years' imprisonment. On direct
appeal, the Fourteenth Court of Appeals reversed the case for a new trial, but we reversed their
decision after granting the State's Petition for Discretionary Review. (2) We deny relief.

Ineffective Assistance of Trial Counsel

 In his application for a writ of habeas corpus, the applicant makes eight claims of
ineffective assistance of his trial counsel. The habeas court recommended that relief on these
grounds be denied. While we are not bound by the findings of the habeas court, we should follow
them when they are supported by the record. (3) Here, the trial court is correct that the applicant has
not shown by a preponderance of the evidence that (1) his counsel's representation fell below the
standard of prevailing professional norms and (2) there is a reasonable probability that, but for
counsel's deficiency, the result of the trial would have been different. (4) Consequently, we deny
relief on those grounds.

Ineffective Assistance of Appellate Counsel 

 The applicant next claims that his appellate attorney provided ineffective assistance. On
this ground, the habeas court recommended we grant relief because the applicant's appellate
attorney failed to appeal the admission of hearsay evidence that the applicant committed (but was
not convicted of) a home invasion. Although the court's finding that the testimony was
inadmissible hearsay is supported by the record, it failed to consider the standard for reversible
error in finding that the appellate court would have vacated the applicant's sentence.

 An attorney "need not advance every argument, regardless of merit, urged by the
appellant." (5) However, if appellate counsel fails to raise a claim that has indisputable merit under
well-settled law and would necessarily result in reversible error, appellate counsel is ineffective
for failing to raise it. (6) To show that appellate counsel was constitutionally ineffective for failing
to assert a particular point of error on appeal, an applicant must prove that: (1) counsel's decision
not to raise a particular point of error was objectively unreasonable, and (2) there is a reasonable
probability that, but for counsel's failure to raise that particular issue, he would have prevailed on
appeal. (7)

 In this case, the State offered evidence, over objection, that the applicant could have been
involved in a home invasion and robbery in which one person received a gunshot wound to the
face. Specifically, an investigator for the Brazoria County District Attorney's Office testified that 
during the investigation of a home invasion, it was learned that the persons involved in the crime
were at the home of Marva Sears before and after the offense, that Sears identified the applicant
as one of the people at her house, and that charges were filed against the applicant based on this
and other information. The applicant's trial counsel objected unsuccessfully that this evidence
was inadmissible because it was hearsay that was more prejudicial than probative. (8) The State's
closing argument implied that the applicant's participation in the home invasion showed a pattern
of escalating violence.

 The applicant now claims that his appellate counsel was ineffective for failing to raise
this issue on appeal. Even if we assume (without deciding) that the evidence was inadmissible
hearsay, the applicant cannot show that there is a fair probability he would have been successful
appealing the introduction of this evidence. 

 In order to prevail on an appeal of the admission of evidence, an appellant must show that
the trial court clearly abused its discretion in admitting the evidence. (9) However, because such
error is non-constitutional in nature, the appellate court should not reverse unless such error
affected the substantial rights of the defendant. (10) This means "the error did not influence the jury,
or had but a slight effect." (11) Clearly, in order to affect the defendant's rights, the error must have
resulted in a different (i.e. longer) sentence than he would have otherwise received. Here, no
evidence was offered that the applicant was present for the home invasion or in any way
participated in the crime. All the State could show was that he may have been at a location prior
to the crime with the perpetrators. Further, the jury was properly instructed that it could consider
extraneous offenses only if the State proved them beyond a reasonable doubt. This mitigated the
State's argument that the applicant had, in fact, committed the home invasion because we are to
presume that the jury followed the court's instructions. (12) Consequently, the applicant has not
shown that this evidence in any way affected the jury's sentence. This is, at most, harmless error. Based upon the trial court's findings and conclusions and our own review of the record,
we deny relief on all grounds. 

Delivered March 20, 2013.

Do not publish.
1. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Cr. App. 1967). 
2. See Marvis v. State, 36 S.W.3d 878 (Tex. Cr. App. 2001).
3. Ex parte Lemke, 13 S.W.3d 791, 796 (Tex. Cr. App. 2000). 
4. See Salinas v. State, 163 S.W.3d 734, 740 (Tex. Cr. App. 2005) (citing Strickland v. Washington, 466
U.S. 668 (1984)).
5. Evitts v. Lucey, 469 U.S. 387, 394 (1985). 
6. Ex parte Miller, 330 S.W.3d 610, 623 (Tex. Cr. App. 2009).
7. Ex parte Santana, 227 S.W.3d 700, 704-05 (Tex. Cr. App. 2007); see also Smith v. Robbins, 528 U.S.
259, 285-86 (2000).
8. Both the application and the State's response spend a fair amount of time discussing whether or not the
applicant's trial counsel objected to every hearsay question, and, consequently, if error was properly preserved for
review. However, a motion to suppress was filed and ruled upon before the punishment hearing. When a court
overrules a pretrial motion to suppress evidence, the defendant need not subsequently object to the admission of the
same evidence at trial to preserve error. Garza v. State, 126 S.W.3d 79, 84 (Tex. Cr. App. 2004).
9. Winegarner v. State, 235 S.W.3d 787, 790 (Tex. Cr. App. 2007).
10. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Cr. App. 1998); Tex. R. App. P. 44.2 (b).
11. Cobb v. State, 85 S.W.3d 258, 272 (Tex. Cr. App. 2002).
12. See Penry v. Johnson, 532 U.S. 782, 799-800 (2001).